UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Briasco, | : |
| Plaintiff, | : Civil Action No.: 1:14-cv-13664 |
| v. | : |
| Mediation Recovery Center; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, Plaintiff, John Briasco, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, John Briasco ("Plaintiff"), is an adult individual residing in Winthrop, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Mediation Recovery Center ("MRC"), is a Illinois business entity with an address of P.O. Box 115, DeKalb, Illinois 60115, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by MRC and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      MRC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to Sears & Roebucks (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to MRC for collection, or MRC was employed by the Creditor to collect the Debt.

11.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. MRC Engages in Harassment and Abusive Tactics**

12.      Within the last year, MRC contacted Plaintiff in an attempt to collect the Debt.

13.      MRC told Plaintiff that the Debt would be placed on his credit report and that he wouldn't be able to get a loan if the Debt was not paid.  Upon information and belief, MRC does not report to the credit reporting agencies and therefore this statement was false.

**C. Plaintiff Suffered Actual Damages**

14.      Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15.      As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

25. Defendants stated they would take any action which in fact was not taken, in violation of 940 CMR § 7.04(1)(l).

26. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 22, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff